```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

United States of America,      :

    Plaintiff,             :

  v.                           :    Case No. 2:05-cr-234

Tyon O. Wingo,                 :    JUDGE SARGUS

    Defendant.             :

## DETENTION ORDER

    The above defendant appeared before the Court on February 2, 2006 for a detention hearing.  At the close of the hearing, the Court ordered him detained without bond pending further proceedings.  The purpose of this order is to set forth in writing the reasons for that decision.

    The defendant was indicted on one count of possession with intent to distribute more than five grams of cocaine base and on three different firearms counts, one of them being possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §924(c).  The defendant faces a minimum of ten years in jail on the drug and firearms counts.  The drug trafficking count and firearms count also each trigger a presumption of detention which is judged under the following legal standard.

    <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it
> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the

>       community if the judicial officer
>       finds that there is probable cause to
>       believe that the person committed an
>       offense for which a maximum term of
>       imprisonment of ten years or more is
>       prescribed in the Controlled Substances
>       Act (2l U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post

such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

The only other evidence before the Court at the hearing was the Pretrial Services Report.  That report indicated that, prior to being arrested on the indictment in this case, the defendant had spent approximately seven months in jail, apparently as a result of a parole revocation.  The defendant had been paroled on September 6, 2004 from a three-year jail term imposed on a 2002 felony sexual battery conviction.  Prior to that conviction, the defendant had been convicted in 2000 of possession of drugs and attempted possession of drugs and had been sentenced to a year of imprisonment on those charges.  The last time he held legitimate employment appears to be 1999, although he reported having been paid "under the table" for various jobs over the last five or six years.  He also reported a serious marijuana and cocaine habit, involving daily use while on parole.  It also appears that he committed the instance offenses, involving both drugs and

3

weapons, while on parole.

The only marginally favorable information in the Pretrial Services Report related to defendant's residency status. He is a lifelong resident of Columbus, Ohio and, if released, would be permitted to reside with his girlfriend, with whom he had resided prior to his most recent incarceration. Given the presumption of detention which exists in this case, however, and the various aggravating factors noted above, these matters were completely insufficient to overcome the presumption of detention. As a result, the defendant was detained without bond pending further proceedings.

The defendant was advised of his right to seek review of this order from a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                          /s/ Terence P. Kemp
                                          United States Magistrate Judge